UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>   Plaintiff,<br><br>v.<br><br>E. MUNOZ, et al.,<br><br>   Defendants. | Case No. 1:23-cv-00048-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED BECAUSE HE CAN AFFORD TO PAY THE FILING FEE<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED BECAUSE HIS ALLEGATION OF POVERTY IS UNTRUE AND HE KNOWINGLY PROVIDED INACCURATE INFORMATION<br><br>THIRTY-DAY DEADLINE |

Kareem Howell ("Plaintiff") is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 30, 2023, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2). Plaintiff's Trust Account Statement was filed on February 1, 2023. (ECF No. 7).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C § 1915(e)(2)(A). Additionally, "courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." Witkin v. Lee, 2020 WL 2512383, at *3

1

(E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020).  See also Steshenko v. Gayrard, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice.") (citing Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1997); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983)), aff'd sub nom. Steshenko v. Albee, 691 F. App'x 869 (9th Cir. 2017).

According to Plaintiff's application, he has $936.36 in cash, but he is waiting on $402 to be taken out for a different case and he "has bills."  Plaintiff also asserts that he has no other income or assets.  According to Plaintiff's Trust Account Statement, the $402 filing fee has now been paid.  (ECF No. 7, p. 1).  However, Plaintiff, a state prisoner, provides no information regarding his "bills."  Additionally, Plaintiff still has $574.26 in his account, which is more than enough to pay the filing fee.

Moreover, at least two courts have dismissed cases filed by Plaintiff because his allegation of poverty was untrue.  Both courts found, based on Plaintiff's testimony in an August 26, 2021 deposition, that Plaintiff had a net worth of $200,000 to $300,000.  Howell v. Villarreal, E.D. CA, Case No. 1:19-cv-01178, ECF Nos. 65 & 67; Howell v. Johnson, E.D. CA, 2:20-cv-00520, ECF Nos. 52 & 54.  Plaintiff's application to proceed *in forma pauperis* makes no mention of these funds.

Thus, it appears that Plaintiff, who is a prisoner, can afford to pay the filing fee for this case.  Additionally, Plaintiff may have been dishonest in his application to proceed *in forma pauperis*, and his allegation of poverty may be untrue.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to show cause as to why his application to proceed *in forma pauperis* should not be denied because he can afford to pay the filing fee for this case;
2. Plaintiff has thirty days from the date of service of this order to show cause as to

why this case should not be dismissed because his allegation of poverty is untrue and he knowingly provided inaccurate information; and

3. If Plaintiff fails to file a response to this order, the Court will issue findings and recommendations to a district judge, recommending dismissal of this action.  If the Court finds that Plaintiff knowingly provided inaccurate information, the Court may recommend that the dismissal be with prejudice.

IT IS SO ORDERED.

Dated:   **February 1, 2023**              /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE